UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3222 MRW | Date | July 29, 2022 |
|---|---|---|---|
| Title | Cirgadyne, Inc. v. Pro Agents | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**   ORDER DENYING PRELIMINARY INJUNCTION MOTION

    1.    Plaintiff Cirgadyne moved for a preliminary injunction in this infringement action. (Docket # 24.) The gist of the request is that the Pro Agents defendants be ordered to "cease and desist their use of the domain www.liquorlicenses.com" or similar names. (Docket # 29-1 at 3 (proposed order).)

    2.    For the reasons stated at length at the hearing on the motion and summarized briefly below, the request is DENIED without prejudice.

\* \* \*

    3.    A litigant seeking pretrial injunctive relief such as a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).

    4.    Plaintiff fails to meet this high standard. The minimal quantum of evidence presented in support of the preliminary injunction motion does not convincingly demonstrate that Plaintiff will succeed on its state or federal claims. To be clear, Plaintiff adequately shows that it owns a trademark – likely a thin, weak mark – in the liquorlicense.com name. <u>U.S.P.T.O. v. Booking.com</u>, ___ U.S. ___, 140 S. Ct. 2298, 2308 (2020). It also possesses rights and protections under parallel state provisions.

    5.    However, Plaintiff offers no evidence of any consumer confusion regarding the defense's use / ownership of a similar website name. Moreover, the previous use of that domain (owned by another industry competitor for many years) significantly undermines Plaintiff's claim of infringement or bad faith cybersquatting. It also raises the specter of a legitimate laches defense that could plausibly lead to Plaintiff's loss at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 22-3222 MRW | Date | July 29, 2022 |
|---|---|---|---|
| Title | Cirgadyne, Inc. v. Pro Agents | | |

      6.     Plaintiff also fails to demonstrate a likelihood of irreparable harm during the pendency of this case should the Court decline to enjoin the defense. Plaintiff may be well able to show that Pro Agents has taken customers away from Plaintiff through alleged business misconduct. But Plaintiff offers no proof that the alleged misconduct relates in any way to misuse of a trade name, trademark, or website domain. Put another way, it's not clear how limiting Defendants' use of the liquorlicenses.com website name would have avoided any of harm that Plaintiff documented in its application.

      7.     Further, the equities do not presently weigh in favor of injunctive relief. At best, Plaintiff can prove that one competitor (Pro Agents) bought a website name from another competitor (Ms. Brown). Yet, Pro Agents asserts that it does not use that name in any of its advertising or otherwise use it to drive traffic to its website. (Docket # 33 at 3.) Any risk of consumer confusion is therefore minimal. Samick Music Corp. v. Gordon, No. SA CV 20-395 GW (JDEx), 2020 WL 3210613 at *4-7 (C.D. Cal. 2020) (affirmative misuse of protected mark). Further, Plaintiff's additional allegations of bad faith by its former employees – that's the contention about use of a similar street address – and an overall decline in its brokerage business simply fall flat. DSPT International, Inc. v. Nahum, 624 F.3d 1213, 1220 (9th Cir. 2010). Plaintiff's speculative accusations do not entitle it to equitable relief.[1]

      8.     So, the injunction request must be denied without prejudice to renewal down the road. As we turned to the case management portion of the hearing, the talented attorneys expressed a desire to re-submit a joint proposed schedule for the litigation. Great idea. Please see if you can get that to me within the next week.

---

      [1]     As promised at the hearing, I went back and reviewed the decisions in Grupo Gigante SA v. Dallo & Co., 391 F.3d 1088 (9th Cir. 2002), and Christianson v. West Publishing Co., 149 F.2d 202 (9th Cir. 1945) (well, that's the most cited Christianson case I could find in the IP field!). Without the benefit of additional explanation, it's not clear to me how either decision materially helps Plaintiff's claim for pretrial injunctive relief. The geographic component of the secondary meaning analysis may not be particularly relevant to a website address accessible throughout the country for national business use (Grupo Gigante). And I'm sure that Plaintiff didn't want me to assess whether there is a lack of similarity between the parties' marks at this stage of the game (Christianson). Perhaps we can circle back to these unexplored areas later in the case.